PROSPERA LAW, LLP
Richard J. Decker, Esq. (State Bar No. 119673)
    rdecker@prosperalaw.com
David E. Mead, Esq. (State Bar No. 155827)
    dmead@prosperalaw.com
Brandon R. Mead, Esq. (State Bar No. 295756)
    bmead@prosperalaw.com
Gregory K. Koeller, Esq. (State Bar No.312470)
    gkoeller@prosperalaw.com
1901 Avenue of the Stars, Suite 480
Los Angeles, California 90067
Telephone: (424) 239-1890
Facsimile: (424) 239-1882

Attorneys for Plaintiff
GOODRX INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODRX INC., <br><br>        Plaintiff, <br><br>   vs. <br><br> CALIBRATE HEALTH, INC. AND DOES 1-25, <br><br>        Defendants. | Case Number: 2:23-cv-03644 <br><br> **COMPLAINT FOR:** <br>  **(1) BREACH OF CONTRACT** <br><br> **DEMAND FOR JURY TRIAL** |

*PLAINTIFF GOODRX INC.'S COMPLAINT FOR BREACH OF CONTRACT*

Plaintiff GOODRX INC. alleges as follows:

## **INTRODUCTION**

1.     This is an action for breach of contract resulting from Defendant CALIBRATE HEALTH, INC.'s unwarranted refusal to remit full and complete payments it was obligated to pay Plaintiff GOODRX INC. pursuant to a written settlement agreement executed by both parties.

## **THE PARTIES**

2.     Plaintiff GOODRX INC. (hereinafter "Plaintiff" or "GoodRx") is a "consumer-focused digital healthcare platform" based in Santa Monica, California. GoodRx advertises, distributes, and sells health-related products and services directly to consumers, including purported prescription medication discount products branded as "GoodRx". Plaintiff GoodRx. is, and at all material times mentioned herein was, incorporated in Delaware and has a principal place of business located at 2701 Olympic Blvd West Building, Suite 200 Santa Monica, CA 90404.

3.     Defendant CALIBRATE HEALTH, INC. (hereinafter "Defendant" or "Calibrate Health") is a digital metabolic health business that provides a virtual program for weight loss. Defendant Calibrate Health, Inc.'s headquarters is, and at all material times mentioned herein was, located in New York City, New York 10003.

4.     The above-named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

/ / /

/ / /

/ / /

*PLAINTIFF GOODRX INC.'S COMPLAINT FOR BREACH OF CONTRACT*

1

**JURISDICTION AND VENUE**

2       5.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. §

3   1332(c)(1) because the matter in controversy exceeds the sum or value of $75,000,

4   exclusive of interest or costs, and is between citizens of different states.

5       6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the

6   Settlement Agreement at issue in this litigation was made in this district, and the

7   Agreement itself has a provision stating: "In the event of any action or proceeding to

8   interpret or enforce the terms of this Settlement Agreement, the parties agree that

9   jurisdiction and venue of such action shall lie exclusively within the state courts of

10  California located in Los Angeles County, California, or the United States District Court

11  located in Los Angeles County and the parties specifically waive any other jurisdiction and

12  venue." (Exhibit A, Paragraph 17).

13

**FACTUAL ALLEGATIONS**

14      7.      On or about September 29, 2021, Plaintiff GoodRx Inc. and Defendant

15  Calibrate Health, Inc. (collectively referred to as the "Parties") entered into an advertising

16  contract, in which GoodRx agreed to provide certain collateral related to mailings and

17  advertisement placed on GoodRx's platform, and Calibrate Health agreed to pay GoodRx

18  certain fees for such collateral related to mailings and advertising.

19      8.      A dispute ultimately arose between the Parties regarding the collateral

20  related to mailings and advertising provided by GoodRx and amounts owed by Calibrate

21  Health to GoodRx under the advertising contract.

22      9.      On or about March 1, 2023, the Parties voluntarily and without duress or

23  undue influence entered into a written Settlement and Release Agreement to resolve their

24  dispute (the "Settlement Agreement"). Both GoodRx, through its general counsel and

25  Calibrate Health, through its Chief Financial Officer signed and executed the written

26  Settlement Agreement. A true and correct redacted copy of the Settlement Agreement is

27  attached hereto as Exhibit A and is incorporated by reference.

28  / / /

10.     Paragraph 12 of the Settlement Agreement provides that the Parties shall keep the terms of the Settlement Agreement strictly confidential. Although GoodRx believes that this complaint is filed to effectuate the purposes and benefits of the Settlement Agreement and thus not subject to the confidentiality provision, out of an abundance of caution, the exact payment amounts, and other potentially confidential information will be redacted in the exhibit appended to this Complaint.

11.     Pursuant to the Settlement Agreement, Calibrate Health agreed to make two separate monetary payments to GoodRx. The first payment was to be made by Calibrate Health to pay the outstanding invoices for "cost per click listing fees" in the total amount as reflected in the invoice summary attached to the Settlement Agreement as Exhibit A. Calibrate Health agreed to remit such payment to GoodRx within thirty (30) calendar days of the execution of the Settlement Agreement. In exchange, GoodRx agreed to release Calibrate Health from any future obligation to pay any other invoices for banner ad advertisements or "cost per click listing fees" or any other costs or expenses incurred in 2023 in connection with the advertising contract.

12.     Calibrate Health also agreed to make a second additional payment to GoodRx to "finally and fully resolve the collateral fee dispute and any other disputes that were or could be brought under the advertising contract." The terms of the Settlement Agreement required that the second payment be remitted by Calibrate Health within thirty (30) calendar days of the signing of the Agreement.

13.     As of date, Calibrate Health has issued only partial payment to GoodRx, and such payment was submitted beyond thirty (30) days after the execution of the Settlement Agreement. Thus, Calibrate Health has failed to perform its obligation under the Agreement, and Calibrate Health's unwarranted refusal to remit full and complete payments constitutes a material breach of the Parties' Settlement Agreement.

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**(Breach of Settlement Agreement Confirmed in Writing)**

14.     Plaintiff GoodRx Inc. repeats and incorporates the allegations in paragraphs 1-13 as if fully set forth here.

15.     On or about March 1, 2023, GoodRx and Calibrate Health entered into a written settlement agreement regarding their dispute over the collateral related to mailings and advertising provided by GoodRx and amounts owed by Calibrate Health to GoodRx under the Parties' advertising contract. The Settlement Agreement was confirmed in writing and fully executed by authorized representatives of the Parties. (Exhibit A).

16.     The Parties mutually agreed to release the other from all claims and demands arising out of the advertising agreement. However, GoodRx's release was conditioned on Calibrate Health making two separate monetary payments to GoodRx within thirty (30) calendar days of the signing of the Settlement Agreement.

17.     To date, Calibrate Health has not issued the full and complete settlement payments to GoodRx and/or has repudiated the settlement and communicated refusal to pay. Accordingly, Calibrate Health has failed to fulfill its obligation to remit both payments within thirty (30) calendar days of the execution of the Settlement Agreement.

18.     By virtue of the foregoing facts, Calibrate Health has breached the Parties' Settlement Agreement. GoodRx has performed each and every condition required under the applicable Settlement Agreement, except where such performance has been prevented or excused by the acts of Calibrate Health.

19.     As a result of Calibrate Health's breach of contract, GoodRx has and will suffer damages in an amount to be determined at trial, but not less than $600,000.00.

20.     Paragraph 17 of the Parties' Agreement provides: "In any action or proceeding to interpret or enforce the terms of this Settlement Agreement, the prevailing party in such action or proceeding shall be entitled to recover, in addition to all other remedies available at law, an award of its reasonable attorneys' fees, costs and expenses incurred in connection with such action or proceeding." (Exhibit A, Paragraph 17).

## PRAYER FOR RELIEF

Wherefore, Plaintiff GoodRx prays for relief as set forth below:

1.      For an award of compensatory damages in an amount to be proven at trial, but not less than $600,000.00;

2.      For pre-judgement and post-judgement interest as permitted by California law;

3.      For costs of bringing this suit, including reasonable attorneys' fees; and

4.      For such other and further relief at law or in equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GOODRX INC. hereby requests a jury trial on any and all claims so triable.

Dated: May 12, 2023                    PROSPERA LAW, LLP


                                       By:    /s/ Brandon R. Mead
                                              _____
                                              Richard J. Decker
                                              David E. Mead
                                              Brandon R. Mead
                                              Greg K. Koeller
                                              Attorneys for Plaintiff GOODRX INC.

*PLAINTIFF GOODRX INC.'S COMPLAINT FOR BREACH OF CONTRACT*