# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement Agreement") is entered into as of March 2, 2023, by and between GoodRx Inc. ("GoodRx") and Calibrate Health, Inc. ("Calibrate") (each a "Party" and collectively the "Parties").

### WITNESSETH

WHEREAS, GoodRx and Calibrate entered into an Advertising Agreement, effective September 29, 2021 (the "Advertising Agreement"), pursuant to which GoodRx agreed to provide certain collateral related to mailings and advertisements placed on GoodRx's platform, and Calibrate agreed to pay GoodRx certain fees for such collateral related to mailings and advertising;

WHEREAS, a dispute has arisen between the Parties as to the collateral related to mailings and advertising provided by GoodRx and amounts owed by Calibrate to GoodRx under the Advertising Agreement;

WHEREAS, to avoid the time, risk, and expense of litigation, and without any admission of liability or fault by either Party, the Parties wish to resolve and settle any and all disputes between and among them relating to, arising out of, or based upon the Advertising Agreement;

NOW, THEREFORE, GoodRx and Calibrate, intending to be legally bound, hereby agree that in consideration of the settlement of the disputes between the Parties, as described below, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1.      Capitalized terms used in this Settlement Agreement that are otherwise not defined herein will have the meaning specified in the Advertising Agreement.

2.      Calibrate agrees to pay the outstanding invoices for cost per click Listing Fees in the total amount of $      as reflected in the invoice summary attached hereto as Exhibit A. Calibrate shall remit payment of such invoices to GoodRx within thirty (30) calendar days of the signing of this Agreement.  Except for payment of the outstanding invoices specifically described in Exhibit A and the amount set forth in paragraph 3 below, Calibrate shall not be invoiced, nor have any obligation whatsoever to pay any other invoices, for banner ad advertisements or cost per click Listing Fees or any other costs or expenses, including without limitation any invoices or cost per click Listing Fees or any other costs or expenses incurred in 2023, claims for all of which are hereby released and waived by GoodRx as provided for in this Settlement Agreement.

3.      Within thirty (30) calendar days of the signing of this Agreement, Calibrate will pay GoodRx an additional $      to finally and fully resolve the Collateral Fees dispute and any other disputes that were or could be brought under or which may be related to the Advertising Agreement.

4.      GoodRx, on behalf of itself and its respective past, present, and future companies, subsidiaries, and affiliates, and their present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives (the "GoodRx Releasing Parties"), hereby releases and absolutely and forever discharges Calibrate, as well as its past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys,

2

assignees, and representatives (referred to collectively as the "Calibrate Released Parties"), of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, loss of profits, loss of goodwill, loss of reputation, obligations, fees, costs, charges, expenses, actions, disputes, and causes of action of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the GoodRx Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of the Calibrate Released Parties, which arise out of, relate to, or are based upon the Advertising Agreement.

5.     Calibrate, on behalf of itself and its respective past, present, and future companies, subsidiaries, and affiliates, and their present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives (the "Calibrate Releasing Parties"), hereby releases and absolutely and forever discharges GoodRx, as well as its past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives (referred to collectively as the "GoodRx Released Parties"), of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, loss of profits, loss of goodwill, loss of reputation, obligations, fees, costs, charges, expenses, actions, disputes, and causes of action of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate, which the Calibrate Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of the GoodRx Released Parties, which arise out of, relate to, or are based upon the Advertising Agreement.

3

6.     The releases set forth in paragraphs 4 and 5 shall be conditioned on and effective only after the payment of the full amounts set forth in paragraphs 2 and 3 above.

7.     The Parties agree that nothing contained in this Settlement Agreement or the releases set forth in paragraphs 4 and 5 shall impact or effect in any way GoodRx's equity position in Calibrate, its rights as an investor or pursuant to any agreement other than the Advertising Agreement, which shall remain in full force and unaffected.

8.     It is the intention of the Parties that in executing this Settlement Agreement and receiving the consideration called for herein, the releases above shall be effective as a full and final accord and satisfaction and release of all claims, demands, or causes of action released herein. In furtherance of this intention, each Party acknowledges that it is familiar with and understands California Civil Code section 1542 and that it hereby waives the protection of California Civil Code section 1542, to the extent applicable, which provides as follows:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

Each Party hereby waives and relinquishes all rights and benefits that it has or may have under California Civil Code section 1542, or the law of any other state or jurisdiction to the same or similar effect, to the full extent that it may lawfully waive all such rights and benefits pertaining to any of the claims, demands, or causes of action released herein.

4

DocuSign Envelope ID: 870A2C39-B11A-4634-B44D-FAE4CD18A418

9.      Nothing in this Settlement Agreement shall be deemed or asserted to be an admission by GoodRx or Calibrate of any fault, liability, or wrongdoing that is the subject of this Settlement Agreement, which fault, liability, or wrongdoing is expressly disputed and denied.

10.     This Settlement Agreement contains, and is intended to contain, a complete statement of the entire agreement and understanding of GoodRx and Calibrate with respect to the subject matter hereof, and supersedes all prior statements, representations, discussions, agreements, draft agreement, and undertakings, whether written or oral, express or implied, of any and every nature with respect thereto.

11.     This Settlement Agreement cannot be amended, supplemented, or modified, nor may any provision hereof be waived, except by a written instrument executed by both GoodRx and Calibrate.

12.     The Parties shall keep the terms of this Settlement Agreement strictly confidential and shall not now or hereafter divulge the existence of the Settlement Agreement or these terms to any third party except to the extent expressly permitted by, and subject to, Section 8 of the Advertising Agreement, considering the terms of this Settlement Agreement to be Confidential Information of both parties.

13.     GoodRx and Calibrate each represent and warrant to the other that (i) it has not sold, assigned, transferred, hypothecated, pledged, or encumbered, or otherwise disposed of, in whole or in part, voluntarily or involuntarily, any claims released by this Settlement Agreement; and (ii) neither it, nor any of its agents, representatives, attorneys, or any other person or entity, in order to induce any other Party to enter into this Settlement Agreement, has made any promise, assurance, representation, inducement, or warranty whatsoever, whether express,

WEIL:\99035676\1\49627.0005

implied, or statutory, that is not specifically set forth in writing in this Settlement Agreement, and further acknowledges that this Settlement Agreement has not been entered into in reliance upon any promise, assurance, representation, inducement, or warranty not expressly set forth in writing in this Settlement Agreement.

14.    GoodRx and Calibrate each represent and warrant to the other that it has read and understands this Settlement Agreement, and that this Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the other Party hereto. The Parties hereby acknowledge that they have been represented or have had the opportunity to be represented in the negotiations and preparation of this Settlement Agreement by counsel of their own choice and that they are fully aware of the contents of this Settlement Agreement and of the legal effect of each and every provision herein. Each Party shall bear its own costs, expenses, and attorneys' fees with respect to this Settlement Agreement and the mediation conducted between the Parties.

15.    The Parties expressly agree that there are no third-party beneficiaries to this Settlement Agreement other than the Parties and the releasees mentioned in paragraphs 4 and 5 of this Settlement Agreement and that nothing herein, express or implied, is intended to or shall confer upon any third party any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Settlement Agreement.

16.    This Settlement Agreement shall be interpreted and construed in accordance with the laws of the State of California.

17.    In any action or proceeding to interpret or enforce the terms of this Settlement Agreement, the prevailing party in such action or proceeding shall be entitled to recover, in

6

addition to all other remedies available at law, an award of its reasonable attorneys' fees, costs, and expenses incurred in connection with such action or proceeding. In the event of any action or proceeding to interpret or enforce the terms of this Settlement Agreement, the parties agree that jurisdiction and venue of such action shall lie exclusively within the state courts of California located in Los Angeles County, California, or the United States District Court located in Los Angeles County and the parties specifically waive any other jurisdiction and venue.

18.     The rules of construction that an agreement be construed against the drafting party shall not be applied in interpreting this Settlement Agreement.

19.     Should any part, term, or provision of this Settlement Agreement be declared or determined by any court or other tribunal of appropriate jurisdiction to be invalid or unenforceable, any such invalid or unenforceable part, term, or provision shall be deemed stricken and severed from this Settlement Agreement only to the extent necessary to make such part, term, or provision lawful and enforceable, and any and all of the other terms of the Settlement Agreement shall remain in full force and effect to the fullest extent permitted by law.

20.     This Settlement Agreement may be executed in identical counterparts, including by electronic or digital signatures, with the same force and effect as if all signatures were set forth in a single instrument. A copy or pdf of the executed Settlement Agreement may be used with the same force and effect as if it were an original.

21.     Neither Party makes any representations regarding this Settlement Agreement's tax consequences, if any, and this Settlement Agreement is enforceable regardless of same.

7

IN WITNESS WHEREOF, GoodRx and Calibrate have caused this Settlement

Agreement to be executed on their behalf by their duly authorized representatives, on the day and

year set forth opposite each of their signatures hereto.

GOODRX INC.

Dated: March 1, 2023

By: ▊▊▊▊▊▊▊▊
Name: ▊▊▊▊▊▊▊
Title: General Counsel

CALIBRATE HEALTH, INC,

Dated: 3/2/2023

By: ▊▊▊▊▊▊▊
Name: ▊▊▊▊▊

Title: CFO

8

# EXHIBIT A

| Invoice Date | Document Number | Name | Service Period | Status | Amount | Payment Date |
|---|---|---|---|---|---|---|
| 1/10/2023 | INV8561 | C374 Calibrate | Dec-22 | Open | █████ | |
| 12/8/2022 | INV8193 | C374 Calibrate | Nov-22 | Paid | | 2/7/2023 |
| 11/10/2022 | INV7974 | C374 Calibrate | Oct-22 | Paid | | 12/1/2022 |
| 10/10/2022 | INV7612 | C374 Calibrate | Sep-22 | Paid | | 12/1/2022 |
| 10/10/2022 | INV7611 | C374 Calibrate | Aug-22 | Paid | | 12/1/2022 |
| 8/8/2022 | INV7011 | C374 Calibrate | Jul-22 | Paid | | 10/5/2022 |
| 7/11/2022 | INV6762 | C374 Calibrate | Jun-22 | Open | | |
| 6/10/2022 | INV6491 | C374 Calibrate | May-22 | Open | | |
| 5/11/2022 | INV6231 | C374 Calibrate | Apr-22 | Open | | |
| 4/7/2022 | INV5868 | C374 Calibrate | Mar-22 | Open | | |
| 2/9/2022 | INV5674 | C374 Calibrate | Jan-22 | Paid | | 12/28/2022 |
| 3/9/2022 | INV5675 | C374 Calibrate | Feb-22 | Paid | | 12/27/2022 |
| 1/10/2022 | INV5154 | C374 Calibrate | Dec-21 | Paid | | 12/28/2022 |
| 12/9/2021 | INV4935 | C374 Calibrate | Nov-21 | Paid | | 12/28/2022 |
| **Total Amount Invoiced** | | | | | █████ | |

**Total Open CPC Invoices as of 2/13/23** ███████