Darren K. Cottriel, Bar No. 184731
dcottriel@jonesday.com
Cary D. Sullivan, Bar No. 228527
carysullivan@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Attorneys for Defendant
CALIBRATE HEALTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODRX INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIBRATE HEALTH, INC., AND DOES 1-25, <br><br> Defendants. | Case No. 2:23-cv-03644-SB-E <br> Hon. Stanley Blumenfeld, Jr. <br> Mag. Judge Charles F. Eick <br><br> DEFENDANT CALIBRATE HEALTH, INC.'S ANSWER TO COMPLAINT |

Defendant Calibrate Heath, Inc. ("Calibrate") hereby answers Plaintiff GoodRx Inc.'s complaint (Dkt. 1) in this action, and asserts the affirmative defenses below:

1. Calibrate admits that the complaint asserts a cause of action for breach of contract, and that the parties executed a written settlement agreement. Calibrate denies the remaining allegations in paragraph 1.

2. Calibrate denies the allegations in paragraph 2 for lack of sufficient knowledge or information.

3. Calibrate admits that it is a metabolic health company, that it provides a virtual program for weight loss, and that its headquarters is located in New York City. Calibrate denies the remaining allegations in paragraph 3.

4. The allegations in paragraph 4 constitute legal conclusions to which no response is required. To the extent they are not legal conclusions, Calibrate denies the allegations in paragraph 4.

5. Calibrate admits that Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1332(c)(1). Plaintiff's assertion of jurisdiction in paragraph 5 is a legal conclusion to which no response is required.

6. Calibrate admits that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391(a). Plaintiff's assertion of venue in paragraph 6 is a legal conclusion to which no response is required.

7. Calibrate admits the allegations in paragraph 7.

8. Calibrate admits the allegations in paragraph 8.

9. Calibrate admits that it entered into a written Settlement and Release Agreement with Plaintiff on or about March 1, 2023, a redacted copy of which is attached to the complaint as Exhibit A, and which document speaks for itself. Calibrate denies the remaining allegations in paragraph 9 for lack of sufficient knowledge or information.

10. The Settlement and Release Agreement speaks for itself. Calibrate denies the remaining allegations in paragraph 10 for lack of sufficient knowledge or information.

11. The Settlement and Release Agreement speaks for itself.

12. The Settlement and Release Agreement speaks for itself.

13. Calibrate admits that it issued a payment to Plaintiff in April 2023. The remaining allegations in paragraph 13 constitute legal conclusions to which no response is required. To the extent they are not legal conclusions, Calibrate denies the remaining allegations in paragraph 13.

14. Calibrate incorporates by reference its answers to paragraphs 1 through 13.

15. Calibrate admits that it entered into a written Settlement and Release Agreement with Plaintiff on or about March 1, 2023, a redacted copy of which is attached to the complaint as Exhibit A, and which document speaks for itself.

16. The Settlement and Release Agreement speaks for itself.

17. Calibrate admits that it issued a payment to Plaintiff in April 2023. The remaining allegations in paragraph 17 constitute legal conclusions to which no response is required. To the extent they are not legal conclusions, Calibrate denies the remaining allegations in paragraph 17.

18. The allegations in paragraph 18 constitute legal conclusions to which no response is required. To the extent they are not legal conclusions, Calibrate denies the allegations in paragraph 18.

19. The allegations in paragraph 19 constitute legal conclusions to which no response is required. To the extent they are not legal conclusions, Calibrate denies the allegations in paragraph 19.

20. The Settlement and Release Agreement speaks for itself.

## PRAYER FOR RELIEF

Calibrate denies that Plaintiff suffered or incurred any injury or damage, and further denies that Plaintiff is entitled to any relief whatsoever in this action, including the relief requested in paragraphs 1 through 4 of the "Prayer For Relief" portion of the complaint.

## **AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof or persuasion, Calibrate asserts the following separate and affirmative defenses. These affirmative defenses are based on Calibrate's knowledge and investigation to date, and Calibrate reserves the right to supplement or amend these affirmative defenses during the course of litigation as may be appropriate. To the extent any affirmative defense asserted herein or in any supplement or amendment is mutually exclusive with any

Case No. 2:23-cv-03644-SB-E
ANSWER TO COMPLAINT

other asserted affirmative defense, such affirmative defense is asserted in the alternative.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Modification of Terms)

The original contract terms were subsequently modified by the parties.

### THIRD AFFIRMATIVE DEFENSE
(Impossibility / Impracticability)

Calibrate's performance under the operative agreement was rendered impossible or impracticable, through no fault of Calibrate's.

### FOURTH AFFIRMATIVE DEFENSE
(Performance Prevented)

Calibrate was prevented from performing under the operative agreement.

### FIFTH AFFIRMATIVE DEFENSE
(Substantial Performance)

Calibrate substantially performed under the operative agreement.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

The damages alleged in the complaint are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

### SEVENTH AFFIRMATIVE DEFENSE
(Laches)

The complaint is barred in whole or in part by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The complaint is barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The relief requested in the complaint would result in unjust enrichment.

## TENTH AFFIRMATIVE DEFENSE

(Equitable Relief Not Available)

Equitable relief is not available in this action.

## CALIBRATE'S PRAYER FOR RELIEF

WHEREFORE, Calibrate hereby prays for the following relief:

1. That Plaintiff take nothing by way of its complaint;

2. That judgment be entered in favor of Calibrate and against Plaintiff;

3. That Calibrate be awarded its attorneys' fees and costs of suit incurred in this action; and

4. For such other and further relief as the Court deems just and proper.

Dated:    June 20, 2023            JONES DAY

By: */s/ Cary D. Sullivan*
   Darren K. Cottriel
   Cary D. Sullivan

Attorneys for Defendant
CALIBRATE HEALTH, INC.